UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Keven A. McKenna, Pro Se | : |
|     Plaintiff | : |
| v. | :    C.A. No. 16-108 |
| | : |
| David Curtin et. al. all in their personal capacities. | : |
|     Defendants | |

**DEFENDANTS', CURTIN, PISATURO, SKEKARCHI, BUCCI, CAPRIO, HUMPHREY, CALLAHAN, CONNOR, AMALFETANO, MORAN, TAVARES, EGAN, RAMPONE, SUTTELL, GOLDBERG, ROBINSON, FLAHERTY, INDELGIA, SAUNDERS, JENSEN, AND DESISTO,  MOTION TO STAY DISCOVERY PENDING DECISION ON ITS MOTION TO DISMISS AND ENTRY OF A RULE 16 SCHEDULING ORDER**

    Now come the Defendants and respectfully move this Honorable Court to stay all discovery pending a final Decision on a Motion to Dismiss (to be filed on June 6, 2016) and a scheduling Order entered pursuant to Rule 16.  In support of this Motion, Defendants rely upon the attached memorandum of law.

    Defendants pray that their Motion to Stay be Granted.

    DEFENDANTS,
By Their Attorney

PETER F. KILMARTIN
ATTORNEY GENERAL

*/s/ Michael W. Field*
Michael W. Field # 5809
Assistant Attorney General
Rebecca Tedford Partington # 3890
Chief--Civil Division
150 South Main Street
Providence, RI  02903
Tel. (401) 274-4400 ext. 2380/2303
Fax (401) 222-3016

## CERTIFICATION

I hereby certify that I filed the within via the ECF system on this 1st day of June, 2016, that it is available for viewing and downloading and that I have caused a copy to be sent electronically to:

**Keven A. McKenna**
Keven@KevenMcKennaPC.com

                                               */s/ Michael W. Field*

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Keven A. McKenna, Pro Se : | |
|         Plaintiff : | |
| v. : | C.A. No. 16-108 |
| : | |
| David Curtin et. al. all in their personal capacities. : | |
|         Defendants | |

**DEFENDANTS', CURTIN, PISATURO, SKEKARCHI, BUCCI, CAPRIO, HUMPHREY, CALLAHAN, CONNOR, AMALFETANO, MORAN, TAVARES, EGAN, RAMPONE, SUTTELL, GOLDBERG, ROBINSON, FLAHERTY, INDELGIA, SAUNDERS, JENSEN, AND DESISTO, MEMORANDUM IN SUPPORT OF ITS MOTION TO STAY DISCOVERY PENDING DECISION ON ITS MOTION TO DISMISS AND ENTRY OF A RULE 16 SCHEDULING ORDER**

This memorandum is filed on behalf of Defendants, Chief Justice Paul A. Suttell, Justice Maureen McKenna Goldberg, Justice Francis X. Flaherty, Justice William P. Robinson III, and Justice Gilbert V. Indeglia (Justices of the Rhode Island Supreme Court); Laura Pisaturo, John Skekarchi, Maria Bucci, David Caprio, Richard S. Humphrey, Matthew F. Callaghan, Frank Connor, Anthony Amalfetano, John Moran, Paul Tavares, Daniel Egan, and William Rampone (members of the Disciplinary Board of the Supreme Court of Rhode Island); Chief Disciplinary Counsel David Curtin, Supreme Court Clerk Debra Saunders, and Assistant Disciplinary Counsel Marc DeSisto (individuals appointed by the Rhode Island Supreme Court); and Director Scott Jensen (Director of the Rhode Island Department of Labor and Training). All Defendants have been sued in their individual capacities only.

In March 2016, pro se and suspended attorney Keven A. McKenna ("McKenna") filed the instance lawsuit, which concerns what this Honorable Court previously described – three years and two lawsuits ago – as "the latest front in plaintiff Keven McKenna's ongoing battle against the Rhode Island Disciplinary Board." McKenna v. Gershkoff, et. al. (McKenna II), 2013 WL 3364368 * 1 (D.R.I. 2013)(Laplante, J.). McKenna II was preceded by McKenna v. DeSisto, et. al. (McKenna I), 2012 WL 4486268 (D.R.I. 2012)(McAuliffe, J), aff'd in unpublished opinion, and was followed by McKenna v. Desisto, et. al. (McKenna III), 2014 WL 3784872 (D.R.I. 2014)(Laplante, J.). All three above-referenced lawsuits concerned McKenna's attempt to seek federal court intervention of a then-on-going attorney disciplinary proceeding and all three above-referenced lawsuits named as defendants some combination of disciplinary counsel, disciplinary board members, and/or Rhode Island Supreme Court Chief Justice Paul A. Suttell. All three lawsuits were dismissed pursuant to the Younger abstention doctrine.

In February 2015, the attorney disciplinary proceedings against McKenna culminated in the Rhode Island Supreme Court's opinion, suspending McKenna from the practice of law for a period of one year, commencing on March 29, 2015. In re McKenna, 110 A.3d 1126, 1150-51 (R.I. 2015). The Supreme Court further directed, "[a]t the conclusion of this one-year period of suspension, [McKenna] must apply to this Court for reinstatement pursuant to Article III, Rule 16 of the Supreme Court Rules of Disciplinary Procedure."[1] Id. at 1151. Thereafter on March 7, 2016, McKenna filed the instant lawsuit, naming twenty-three defendants, which include the five Rhode Island Supreme Court Justices, the twelve members of the Disciplinary Board of the Supreme Court of Rhode Island, various Supreme Court staff (Supreme Court Clerk, Chief

---

[1] The current status of McKenna's suspension will be further discussed in the Defendants' Memorandum in Support of its Motion to Dismiss. McKenna has applied for reinstatement and this application/petition is pending before the Rhode Island Supreme Court.

2

Disciplinary Counsel, and Assistant Disciplinary Counsel), and the Director of the Department of Labor and Training. Despite seeking official action – primarily the reinstatement of his law license – all Defendants are sued in their individual capacities only.

This Motion seeks a stay of all discovery pending a decision on the Defendants' Motion to Dismiss (to be filed June 6, 2016) and compliance with Federal Rules of Civil Procedure 26(d)(1). This Motion is not being filed in the abstract – McKenna has already filed a Request for Admissions to the Chief Justice of the Rhode Island Supreme Court, see Exhibit A, and has indicated to the undersigned counsel a desire to conduct depositions. Under similar circumstances involving this Plaintiff and these Defendants, this Court has twice granted a stay of discovery.

In McKenna I, McKenna noticed the depositions of Chief Justice Suttell and Assistant Disciplinary Counsel DeSisto (both defendants in the instant case). The Defendants responded by filing a motion to stay all discovery pending the disposition of a Motion to Dismiss and the convening of a Rule 16 conference. Judge McAuliffe granted this Motion, see Exhibit B, and subsequently, granted the Defendants' Motion to Dismiss.

Following the dismissal of McKenna I, on or about December 10, 2012, McKenna filed McKenna II, wherein he once again sought to enjoin the Disciplinary Board of the Supreme Court of Rhode Island proceedings. Accompanying the complaint was a Request for Answers to Interrogatories to Chief Disciplinary Counsel Curtin and a Request for the Production of Documents to Chief Disciplinary Counsel Curtin (also a defendant in the instant case). Similar to the travel in McKenna I, Defendants moved to stay all discovery pending resolution of the Motion to Dismiss and the convening of a Rule 16 conference. Judge Laplante granted this

Motion, see Exhibit C (April 12, 2013 entry), and subsequently granted Defendants' Motion to Dismiss.[2]

"Trial courts have broad discretion in determining the timing of pretrial discovery, and appellate courts are reluctant to interfere unless it clearly appears that a 'discovery order was plainly wrong and resulted in substantial prejudice to the aggrieved party.'" Dynamic Image Technologies, Inc. v. United States, 221 F.3d 34, 38 (1st Cir. 2000). Although raised in the context of a proceeding against the federal government, and not a state, the First Circuit's explanation concerning a Motion to Stay discovery is equally applicable in this case: "[o]rders staying discovery are particularly difficult to set aside in actions against the federal government, where uncontrolled discovery poses a special threat and compelling public policy reasons support stringent limitations on discovery pending the resolution of threshold jurisdictional questions." Id. See also Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)(stating that until a threshold question of qualified immunity is settled in a suit against a public official discovery should not be permitted).

Here, the "compelling public policy reasons" are even greater than expressed in Harlow and Dynamic Image Technologies. Specifically, the gravamen of McKenna's Complaint seeks a stay of his suspension/reinstatement of his law license,[3] and McKenna further demonstrates the

---

[2] In McKenna III, McKenna never had the opportunity to file for discovery. Upon filing the lawsuit, the District Court sua sponte ordered McKenna to Show Cause why the lawsuit should not be dismissed consistent with McKenna I and McKenna II. The District Court found that McKenna failed to Show Cause and dismissed the lawsuit. McKenna III, 2014 WL 3784872 (D.R.I. 2014)(Laplante, J.).

[3] See e.g. ECF #1 (Complaint): Count I ("[s]tay forthwith the Suspension of the Plaintiff's license's to practice law")(p. 32); Count II ("[d]eclare that the Defendants were without jurisdiction to suspend the Plaintiff from the practice of law in the Rhode Island and Federal Courts")(p. 34); Count III ("[s]tay the Defendants forthwith from suspending the Plaintiff from the practice of law in Rhode Island, pendent lite, and permanently")(p. 37); Count IV ("[s]tay the Defendants forthwith from the suspension of the Plaintiff from the practice of law in Rhode

main objective of this lawsuit through "Plaintiff's Motion to Restore License Privileges of March 29, 2016, Nunc Pro Tunc." ECF # 16. Considering that McKenna seeks the reinstatement of his license to practice law in the State of Rhode Island – a license suspended by the Rhode Island Supreme Court in In re McKenna – Defendants intend to raise in their Motion to Dismiss that this Honorable Court lacks subject-matter jurisdiction pursuant to the Rooker-Feldman doctrine.[4] The lack of subject-matter jurisdiction is a threshold issue that must be resolved before discovery can be commenced.

Moreover, it should not be lost upon this Court that among the Defendants are the five Justices of the Rhode Island Supreme Court, and indeed, McKenna has already filed discovery seeking a Request for Admissions from the Chief Justice. In a different context, the First Circuit Court of Appeals explained the "compelling public policy reasons" in cases where judges were defendants:

> the type of harm that would be caused by remitting the Justices to the ordinary appellate process here is not that suffered by an ordinary litigant who is forced to wait until the conclusion of a lawsuit to cure legal errors on appeal. To require the Justices unnecessarily to assume the role of advocates or partisans on these issues would tend to undermine their role as judges. To encourage or even force them to participate as defendants in a federal suit attacking Commonwealth laws would be to require them to abandon their neutrality and defend as constitutional the very laws that the plaintiffs insist are unconstitutional—laws as to which their judicial responsibilities place them in a neutral posture. Indeed, a public perception of partiality might well remain even were the Justices to take no active part in the litigation. The result risks harm to the court's stance of institutional neutrality—a harm that appeal would come too late to repair. While at times such harms may have to be tolerated in order to afford proper relief to a party, we believe that they warrant the exercise of our mandamus power here, when no relief question is at

---

Island, pendent lite, and permanently")(p. 41); and Count X (seeking "Defendant Curtin by stayed from imposing Rule 16(d) upon the Plaintiff, and otherwise extending his suspension beyond one (1) year")(p. 56).

[4] The filing of this Motion – or for that matter any document – with this Court is not intended to waive the subject-matter jurisdiction defense. Since the Court's subject-matter jurisdiction cannot be waived, this footnote is added only in the exercise of extreme caution.

> issue and when the plaintiffs, for reasons of a jurisdictional sort, have failed to make out a case against the Justices.

<u>In re Justices of Supreme Court of Puerto Rico</u>, 695 F.2d 17, 25 (1st Cir. 1982). The foregoing consideration is particularly relevant in this case since presently McKenna has pending before the Rhode Island Supreme Court a Petition to Reinstatement his Law License.

Because Defendants will file a Motion to Dismiss on June 6, 2016 raising, <u>inter alia</u>, the <u>Rooker-Feldman</u> doctrine, judicial immunity, and that the Defendants are being sued in their individual capacities when McKenna seeks this Court's order that the Defendants perform an official action, the Defendants respectfully request that this Honorable Court stay discovery pending a decision on its Motion to Dismiss and a Rule 16 Scheduling Court. This Court has previously taken such action with these parties under similar circumstances. <u>See</u> Exhibits B an C.

The relief requested in this Motion is consistent with Fed. R. Civ. Pro. 26(d)(1), which provides in relevant part that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." For its part, Rule 26(f) provides, in relevant part, that "the parties must confer as soon as practicable – and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." The parties have not conference for a Rule 26(f) conference and based upon the <u>Rooker-Feldman</u> and judicial immunity defenses asserted, Defendants maintain that these threshold issues, <u>inter alia</u>, must be resolved before discovery can be convened.

Accordingly, for the reasons stated herein, Defendants pray that all discovery (pending or that may be filed) be stayed until a final Decision on the Motion to Dismiss and a Rule 16 Scheduling Order.

          DEFENDANTS,
By Their Attorney

PETER F. KILMARTIN
ATTORNEY GENERAL

*/s/ Michael W. Field*
Michael W. Field # 5809
Assistant Attorney General
Rebecca Tedford Partington # 3890
Chief--Civil Division
150 South Main Street
Providence, RI  02903
Tel. (401) 274-4400 ext. 2380/2303
Fax (401) 222-3016

## **CERTIFICATION**

I hereby certify that I filed the within via the ECF system on this 1st day of June, 2016, that it is available for viewing and downloading and that I have caused a copy to be sent electronically to:

**Keven A. McKenna**
Keven@KevenMcKennaPC.com

          */s/ Michael W. Field*