UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Keven A. McKenna

    v.                                    Civil No. 16-cv-108-LM

David Curtin, et al.


O R D E R


    Keven A. McKenna, proceeding pro se, brings claims against twenty-two defendants in their individual capacities who are Rhode Island state court judges, members of the Disciplinary Board of the Supreme Court of Rhode Island, Chief and Assistant Disciplinary Counsel, a Supreme Court Clerk, Chief Judge of the United States District Court for the District of Rhode Island, and the Director of the Rhode Island Department of Labor and Training.[1]  The claims challenge the suspension of McKenna from the practice of law and seek a stay of an order requiring him to make workers' compensation payments to a former employee.

    Currently pending before the court are the following motions: (1) McKenna's motion requesting that the court restore his license to practice law (doc. no. 16); (2) defendants'

---

[1] McKenna also brought claims against Helen McDonald, the Executive Director of the Rhode Island Bar Association.  He has voluntarily dismissed those claims.

motion to dismiss (doc. no. 22); (3) defendants' motion for a permanent injunction to bar further suits against them by McKenna (doc. no. 30);[2]  (4) McKenna's motion to amend his complaint (doc. no. 31); (5) McKenna's motion for sanctions to be imposed against defendants based on their motions to dismiss and for an injunction (doc. no. 39); and (6) McKenna's motion for reinstatement to the Rhode Island bar (doc. no. 40).[3]

## Background

McKenna was admitted to the practice of law in Rhode Island in 1973.  In 2009, an employee of McKenna's law firm filed a claim for workers' compensation benefits, alleging a work-related injury.

The Workers' Compensation Court ordered McKenna to make workers' compensation payments to the employee.  Over the next few years, McKenna brought several lawsuits in an attempt to

---

[2] Defendants' motions were filed by all defendants other than Chief Judge William Smith of the District of Rhode Island.  As explained below, McKenna voluntarily dismissed his claims against Judge Smith after the motion to dismiss was filed.  For simplicity, the court will use the term "defendants" when referring to the remaining defendants' motions.

[3] McKenna's motion requesting that the court restore his law license (doc. no. 16) and his motion for reinstatement (doc. no. 40) largely seek the same relief.  The court will refer to both motions collectively as the "motions for reinstatement."

avoid paying the employee, and eventually filed for bankruptcy.[4]
See In re McKenna, 110 A.3d 1126, 1130-36 (R.I. 2015) (providing
background of the workers' compensation and bankruptcy
proceedings); Stone v. Geremia, No. 11-631, 2013 WL 1000712, at
*1-2 (D.R.I. Mar. 13, 2013) (same); see also McKenna v. Powell,
No. 10-017ML, 2010 WL 2474037 at *1 (D.R.I. Apr. 28, 2010)
(providing background of workers' compensation proceeding).

     In 2012, ethical charges were brought against McKenna in
Rhode Island, which led to an investigation by the Rhode Island
Supreme Court Disciplinary Board.  The charges of ethical
violations against McKenna arose from McKenna's representations
and disclosures during the workers' compensation proceeding and
McKenna's subsequent bankruptcy proceedings.  See In re McKenna,
110 A.3d at 1130-36.

     McKenna brought several cases in this court in which he
unsuccessfully challenged the Disciplinary Board proceedings,
which were then ongoing.  See McKenna v. DeSisto, 14-cv-260,
2014 WL 3784872 (D.R.I. July 31, 2014); McKenna v. Gershkoff,
12-cv-904-JNL-LM, 2013 WL 3364368 (D.R.I. July 3, 2013); McKenna
v. DeSisto, 11-cv-602-SJM-LM, 2012 WL 4486268 (D.R.I. Sept. 27,

---

     [4] See In re Keven A. McKenna, P.C., Nos. 10-10256, 10-10274,
2011 WL 6014014 (Bankr. D.R.I. Dec. 2, 2011); Keven A. McKenna,
P.C. v. Official Committee of Unsecured Creditors, No. CA 10-472
ML, 2011 WL 2214763 (D.R.I. May 31, 2011).

2012).   The court dismissed each case based on <u>Younger</u> abstention.[5]

The Disciplinary Board recommended that McKenna's license to practice law be suspended.  McKenna's license to practice law was suspended for one year beginning on March 29, 2015.  In re McKenna, 110 A.3d at 1151.

On June 16, 2016, the Rhode Island Supreme Court denied McKenna's petition for reinstatement.  The court noted "that there are several disciplinary matters currently pending before the Supreme Court Disciplinary Board regarding conduct of the petitioner that occurred both before and after our order of suspension."  In re McKenna, 140 A.3d 158, 158 (R.I. 2016).  The court also noted that "on March 6, 2015, a justice of the Superior Court issued sanctions against the petitioner pursuant to Rule 11 of the Superior Court Rules of Civil Procedure in a number of different cases based, in part, upon findings that the petitioner made misrepresentations to the court."[6]  Id. at 159.

---

[5] The <u>Younger</u> abstention doctrine provides that federal courts should, in certain circumstances, abstain from entertaining cases involving issues that are the subject of currently pending state judicial proceedings.  See Younger v. Harris, 401 U.S. 37 (1971).

[6] According to the Rhode Island Supreme Court website, there appears to be another disciplinary matter pending that involves McKenna and was scheduled for a hearing on November 7, 2016.

McKenna brings this suit, alleging several claims against various defendants arising out of his suspension from the practice of law and the order requiring him to make workers' compensation payments to his former employee.  The parties have filed several motions.

I. <u>Motion for Sanctions</u>

McKenna moves for sanctions (doc. no. 39) against defendants and the Rhode Island Attorney General's office, which is representing defendants, under Federal Rule of Civil Procedure 11.  As grounds for sanctions, McKenna cites their "failure on July 6, 2014 to withdraw their motion for a permanent injunction and attachments and, the exhibits attached to their first motion to dismiss, within twenty-one (21) days or be appropriately sanctioned."  He argues that the Office of the Attorney General provided the exhibits in violation of Rule 11(b).

Under Rule 11(b), "an attorney or unrepresented party" certifies to the court that any pleading, motion, or other paper submitted to the court, among other things, is not being presented for an improper purpose and that the factual contentions have or will have evidentiary support.  If the court determines that Rule 11(b) has been violated, it may impose an appropriate sanction.  Fed. R. Civ. P. 11(c)(1).  A party moving

for sanctions, however, "must describe the specific conduct that allegedly violates Rule 11(b)."[7]  Fed. R. Civ. P. 11(c)(2).

McKenna finds objectionable certain exhibits filed with defendants' motion to dismiss (document no. 22) or with the motion for an injunction (document no. 30).  However, McKenna does not identify those exhibits for the court.  McKenna states generally that "[t]he Judicial Defendants and the Attorney General acted in bad faith by attempting to supplement their Rule 12(b)(1) and Rule 12(b)(6) motions with 'factual exhibits of questionable veracity and characterizations, which were not formed after a reasonable inquiry.'"[8]  Doc. no. 39 at 1.

Defendants included four exhibits with their motion to dismiss: (1) the trustee's final account and distribution report in McKenna's bankruptcy proceeding; (2) McKenna's petition to the Rhode Island Supreme Court for reinstatement dated March 18, 2016; (3) the Rhode Island Superior Court decision in a consolidated case in which sanctions were imposed on McKenna for misrepresentations made in the course of representing parties in

---

[7] The moving party also must serve the motion without presenting it to the court to allow twenty-one days for opposing counsel to withdraw or correct the challenged filing.  Fed. R. Civ. P. 11(c)(2).  McKenna certifies that he complied with Rule 11(c)(2).

[8] McKenna provides no citation for the internal quotation marks.

other cases; and (4) the petition of David Curtin as Chief
Disciplinary Counsel for disciplinary action against McKenna.
See doc. nos. 22-1 - 22-4.  None of those documents violate Rule
11(b).

Defendants included an appendix filed with their motion for
a permanent injunction.  See doc. no. 30-1.  The appendix
provides copies of orders in thirty other cases and proceedings
involving McKenna.  Defendants explain in their motion that they
provide copies of these cases to show McKenna's litigiousness in
support of their request for an injunction to prevent McKenna
from filing new causes of action against them, the State of
Rhode Island, or Rhode Island departments and agencies without
first obtaining leave of this court.

McKenna does not explain how the appendix or any of the
attached cases violate Rule 11(b).  He refers to the decisions
from this court, McKenna, 2014 WL 3784872; McKenna, 2013 WL
3364368; McKenna, 2012 WL 4486268, without providing citations,
and suggests that defendants provided the cases in the appendix
to mislead the court in this case.

McKenna is mistaken.  The court is not misled by any of the
cases provided in the appendix to the motion for an injunction,
nor were they provided for that purpose.  Without any
explanation about the other exhibits he finds objectionable,

7

McKenna has not carried his burden under Rule 11(c).  Therefore, the motion for sanctions (doc. no. 39) is denied.

II.   Motion to Amend

McKenna seeks leave to amend his complaint to delete certain claims and defendants and to add a new count and a new defendant.  He proposes to delete the claims alleged in Counts V, VI, VII, and VIII of his original complaint and to dismiss all claims against Judge William Smith and Scott Jensen, the Director of the Rhode Island Department of Labor and Training. McKenna also proposes to add a claim, as Count VII of his proposed amended complaint, against the Rhode Island Attorney General, Peter Killmartin.  Defendants object to the motion to amend on the grounds that the court lacks jurisdiction over the claims in the proposed amended complaint and that the proposed amendments are futile.[9]

---

[9] Long after the deadline for filing a reply to defendants' objection to the motion to amend, McKenna filed a thirty-two page document titled "Plaintiff Disputes Defendants' Recent Objections to His motion to Amend their Defendants [sic] individual and official status, their mischaracterization of their own ultra-vires acts; and then their own use of self-serving dicta as precedent."  Doc. no. 38.  The document was docketed as a response to defendants' motion for a permanent injunction, but, instead, it appears to be a reply to defendants' objection to the motion to amend.  Despite its untimely filing, the court has considered the document.

A.   Standard of Review

Under Federal Rule of Civil Procedure 15(a), leave to amend
will be freely given when justice so requires.  Leave to amend
may be denied, however, for reasons "such as undue delay, bad
faith or dilatory motive on the part of the movant, repeated
failure to cure deficiencies by amendments previously allowed,
undue prejudice to the opposing party by virtue of allowance of
the amendment, [and] futility of amendment." Foman v. Davis,
371 U.S. 178, 182 (1962).  At this stage of a case, futility is
assessed under the standard used for motions to dismiss under
Federal Rule of Civil Procedure 12(b)(6).  Hatch v. Dep't for
Children, Youth, & Their Families, 274 F.3d 12, 19 (1st Cir.
2001).

Under Rule 12(b)(6), the court must accept the factual
allegations in the complaint as true, construe reasonable
inferences in the plaintiff's favor, and "determine whether the
factual allegations in the plaintiff's complaint set forth a
plausible claim upon which relief may be granted." Foley v.
Wells Fargo Bank, N.A., 772 F.3d 63, 71 (1st Cir. 2014)
(citation omitted).  A claim is facially plausible "when the
plaintiff pleads factual content that allows the court to draw
the reasonable inference that the defendant is liable for the
misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009).  Because McKenna is proceeding pro se, the court is
obliged to construe his complaint liberally.  See Erikson v.
Pardus, 551 U.S. 89, 94 (2007) (per curiam) (internal citations
omitted) ("[A] pro se complaint, however inartfully pleaded,
must be held to less stringent standards than formal pleadings
drafted by lawyers.").

B.   Discussion

     McKenna's proposed amended complaint adds a single claim:
Count VII.  It also removes several other claims from the
original complaint, and re-numbers various counts asserted in
his original complaint.

     1.   Count VII

     Count VII of the proposed amended complaint is titled:
"Declare Conflict of Interest for Attorney General to Defend the
Judiciary for Its Legislative Acts and Executive Acts and
Violation of Separation of Powers."  It is asserted against the
Attorney General of Rhode Island.

     McKenna argues that the Attorney General cannot represent
the defendants who are judges and justices because the Attorney
General is part of the executive branch of the Rhode Island
government while the judges are part of the judicial branch.  He
further argues that the Attorney General is precluded from

representing those defendants because McKenna is not suing the judges and justices for performing judicial functions but instead "for utilizing the Powers of the General Assembly and the Powers of the Governor."

Defendants contend that Count VII fails to state a claim. The court agrees.  The issue of disqualification of the Attorney General's office from representing the state judges and justices was directly addressed and decided against McKenna in another case.  McKenna v. Williams, 874 A.2d 217, 223 n.4 (R.I. 2005). In addition, to the extent McKenna intends to seek disqualification of the Attorney General's office, that matter might be raised by motion, if valid grounds existed to support it, but an issue of disqualification of counsel does not state a cause of action on which relief may be granted.  See, e.g., Jackson v. Norman, 264 F. App'x 17, 21 (1st Cir. 2008); Messere v. Clarke, Nos. 11-12166-MLW, 11-11705-MLW, 2014 WL 2865803, at *3 (D. Mass. June 23, 2014); Aldrich v. Young, No. 13-10466-DPW, 2013 WL 3802436, at *3 (D. Mass. July 18, 2013); Dolan v. Tavares, No. 10-10249-PBS, 2010 WL 5281968, at *1 (D. Mass. Dec. 16, 2010).

Therefore, Count VII in the proposed amended complaint is futile and will not be allowed.

2.  Counts I through VI

In his motion to amend, McKenna represents that the only
new claim is Count VII and that he deleted Counts V, VI, VII,
and VIII, as they appeared in the original complaint, "to focus
upon Separation of Powers violations" in the proposed amended
complaint.  McKenna does not discuss changes made to Counts I
through VI from the claims in his original complaint to the
corresponding claims in his proposed amended complaint and,
apparently, does not consider the changes to be material.
Defendants contend that all claims are futile.

Counts II through VI in the proposed amended complaint are
the same or substantially similar to Counts I, III, IV, IX, and
X in the original complaint.  Although McKenna has rearranged
the counts and used some different titles in the proposed
amended complaint, he is seeking the same relief.  Therefore,
those claims have not been amended.

Although not identified as new by McKenna, Count I in the
proposed amended complaint is sufficiently different from any
claim in the original complaint to require separate
consideration.  In Count I of the proposed amended complaint,
McKenna reviews the Rhode Island Constitution's provisions
pertaining to the separation of powers, the provisions
pertaining to impeachment of judges, "judicial regulations III

12

and V," and the "R.I. Canon of Judicial Ethics."[10]  Based on his interpretation of the constitutional provisions and the cited rules, McKenna states that judges who do not enforce the separation of powers and who suspend lawyers can be impeached. McKenna then concludes that judges can be sued for damages under 42 U.S.C. § 1983 for the unconstitutional suspension of lawyers.

For relief, he asks that "article III and V of R.I. Judicial Regulations" be declared "not consistent with the R.I. State Constitution, and as such are not consistent with the Due Process Clause of the U.S. Constitution, as protected by 42 U.S.C. § 1983."  He also asks that the court declare that "the acts of the judicial defendants were not judicial acts suspending McKenna and as such were not subject to judicial immunity . . . and as such were not subject to abstention."

McKenna appears to assert several different theories to support his claim in Count I of the proposed amended complaint, none of which supports a claim for relief.  To the extent McKenna is challenging the decision by the Rhode Island Supreme Court to suspend his license to practice law, his claim is barred by the Rooker-Feldman doctrine, which is addressed in

---

[10] The canons and regulations that McKenna cites are from the Rhode Island Supreme Court Rules.  Article III of the Supreme Court Rules provides "Disciplinary Procedure for Attorneys"; Article V provides the "Rules of Professional Conduct"; and Article VI is titled "Judicial Conduct."

more detail below.  In addition, McKenna's claim in Count I of
the proposed amended complaint is based on the Rhode Island
state constitution and rules and, therefore, is not cognizable
under § 1983, which provides a cause of action for violations of
rights protected by underline federal law.  See, e.g., Holder v. Town of
Newton, No. 09-cv-341-JD, 2010 WL 3211068, at *2 (D.N.H. Aug.
11, 2010) (citing Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S.
40, 49-50 (1999)).  Further, although McKenna mentions the due
process clause, he alleges no facts to show a deprivation of due
process, and therefore, fails to state a claim for a due process
violation.[11]  See Cepero-Rivera v. Fagundo, 414 F.3d 124, 129
(1st Cir. 2005).  In addition, as is more fully addressed below,
Count I is precluded by the Rhode Island Supreme Court's
decision in In re McKenna, 110 A.3d 1126.

3.  Summary

Because the new claims in the proposed amended complaint
are futile and other changes are not material, McKenna's motion

---

[11] Based on the allegations in the proposed amended complaint
and the factual background established by the several other
cases McKenna has brought, McKenna was afforded all of the due
process required.  See Scheer v. Kelly, 817 F.3d 1183, 1189 (9th
Cir. 2016) (noting that notice and an opportunity for a hearing
on his case satisfies due process for attorney discipline
procedures).

to amend (doc. no. 31) is denied.  The original complaint,
document no. 1, remains the operative complaint in the case.

III. <u>Motion to Dismiss</u>

On June 6, 2016, defendants moved to dismiss (doc. no. 22)
all of the claims in the original complaint.  McKenna filed a
brief response in which he summarily objected to the motion.  On
August 22, 2016, McKenna filed a second response to the motion
to dismiss and filed an amended response on August 26.  The
court considers all of McKenna's responses in ruling on the
motion to dismiss.

In his responses to the motion to dismiss, McKenna has
withdrawn Counts V, VI, VII, VIII, and XI of the original
complaint.  Therefore, those claims are deemed to have been
voluntarily dismissed.  As a result, no claims remain against
Susan Thurston, William Smith, or Scott Jensen.  The remaining
claims are Counts I through IV and Counts IX and X in the
original complaint.

McKenna's claims are based on various legal theories and
seek several different forms of relief.  The court begins by
laying out each claim individually, before addressing
defendants' arguments in their motion to dismiss.

A.  Claims

McKenna brings claims under 42 U.S.C. § 1983 that

defendants violated provisions of the Rhode Island Constitution,

the First and Seventh Amendments, and the due process clause of

the Fourteenth Amendment of the United States Constitution by

charging him with ethical violations and suspending his license

to practice law.  By way of relief, he seeks, among other

things, to overturn his suspension, impose restrictions on the

operation of the Rhode Island Supreme Court Disciplinary Board

and Disciplinary Counsel, to remove members of the Disciplinary

Board and Disciplinary Counsel, to void certain Rhode Island

Professional Conduct Rules, and to impose a stay against

enforcement of Rhode Island Disciplinary Procedure, Article III,

Rule 16(d).  He also seeks damages and attorneys' fees.  The

court summarizes the claims below:

> **Count I is titled:**  The Concentration of the
> Gubenatorial [sic] Prosecution Power, the Legislative
> Police Power, and Adjudicative Power by the Judicial
> Defendants To Suspend the Plaintiff from the Practice
> of Law Was A Massive Violation of Substantive and
> Procedural Due Process; a Tyrannical Concentration of
> Power, and a Void Act.[12]  McKenna alleges that
> defendants as members of the "Judicial Branch had no
> constitutional basis to legislate ethical punishments
> of the Plaintiff."  He challenges the bases for the
> charges brought against him, accuses "former Chief

---

[12] Count I in the original complaint has the same title and is
substantially the same as Count II in the proposed amended
complaint.

Justice Frank Williams" of being biased against him,
contends that other judges improperly held a public
hearing on his application for a limited liability
company, argues that defendants had McKenna
investigated and charged with ethical violations in
retaliation for McKenna's "criticism of their
unconstitutional actions," and charges that defendants
"did not provide a fair judicial forum" and violated
his due process and First Amendment rights in the
disciplinary proceedings.  He also states that "only
the Governor of the State may regulate a citizen of
the State" so that the disciplinary proceedings were a
violation of the state and federal constitutions and
makes other allegations of unconstitutional actions.

For relief, McKenna asks this court to declare
that defendants' actions "combining the legislative
and appointive powers within the State of Rhode Island
Constitution with its judicial power to have been a
void act of tyranny, and an insult to the voters in
the R.I. Democracy."  He also asks the court to
declare that defendants' actions have "voided the
Plaintiff's suspension."  He asks that the suspension
of his license to practice law be stayed, that he be
restored to "his average income in the practice of law
for the previous months of his suspension," and that
he be awarded reasonable attorneys' fees and costs.

**Count II is titled**:  "The Defendants Lacked
Jurisdiction to Prosecute Plaintiff for Disciplinary
Wrongs."  McKenna alleges that under the Rhode Island
Constitution, Rhode Island Supreme Court Rule 8.5, and
the United States Constitution, defendants lacked
jurisdiction to suspend him from practicing law.  In
support, McKenna argues that defendants could not
consider charges arising from the workers'
compensation and bankruptcy proceedings because those
matters occurred in different jurisdictions not within
the jurisdiction of the Rhode Island Supreme Court.
For relief, he asks for a declaration that defendants
lacked jurisdiction to suspend him, to stay his
suspension, and to award him attorneys' fees.

**Count III is titled**:  "The Members of R.I. Supreme
Court Under the Color Law have usurped the R.I.
Gubenatorial [sic] Power to Appoint the R.I. Members

17

of Disciplinary Board and the R.I. Disciplinary
Counsel."[13]   Count III alleges violations of provisions
of the Rhode Island Constitution pertaining to
separation of powers and appointments.   McKenna
alleges that the members of the Disciplinary Board and
Counsel were not properly appointed, making the
recommendation and decision to suspend his license
void.   He also challenges Rules 2 and 3 in Article III
and Professional Conduct Rules 1.19, 3.3, 3.5(d), and
7.5 in Article V of the Rules of the Rhode Island
Supreme Court.   He asks the court to void the
appointment of members of the Disciplinary Counsel and
remove them from office, void the Counsel's
recommendations on his suspension, stay his
suspension, and provide an award of legal fees and
costs.

**Count IV is titled**:   "State Defendants Lacked
Legislative Authority to Enact Ethical Charges and to
Penalize Attorneys for Ethical Violations."[14]   McKenna
alleges that defendants "violated the ultra vires the
legislative powers of the General Assembly by enacting
the Rules 1.19, 3.3. 3.5(d), 7.1, and 7.5, contained
in Article V of the Supreme Court Rule of the Code of
Professional Conduct for R.I. attorneys."   He also
argues that defendants lacked authority to decide he
had violated those rules and had no power to regulate
his conduct outside of courtrooms.   He asks the court
to void the challenged rules, stay the enforcement of
the rules, stay his suspension, and award him fees and
costs.

**Count IX is titled**:   "Declare Plaintiff's Right to a
Jury Trial."[15]   McKenna asserts that lawyers facing
suspension have a right to a jury trial under the
Seventh Amendment of the federal constitution and
"under 15th amendment of Article II of the State

---

[13] Count III in the proposed amended complaint has a slightly
different title but seeks the same result.

[14] Count IV in the proposed amended complaint is the same.

[15] Count IX is substantially the same as Count V in the
proposed amended complaint.

Constitution." He alleges that defendants denied his
right to a jury trial and thereby deprived him of
income for a year. McKenna seeks an order to require
a jury trial on the ethical charges brought against
him, a declaration that defendants cannot impose
discipline on any member of the Rhode Island Bar
Association without a jury trial, and award fees and
costs.

**Count X is titled**: "Unconstitutional Extension of
Suspension."[16] McKenna alleges that Disciplinary Board
Counsel David Curtin has unconstitutionally extended
the one-year suspension of McKenna's license by
requiring McKenna to take the Multistate Professional
Responsibility Examination that was only available on
March 19, 2016. McKenna states that because the test
is only given on March 19, his petition for
reinstatement was delayed until April 19, 2016, which
delayed his reinstatement so that his suspension
lasted more than one year. He asks that Curtin be
"stayed" from imposing the testing requirement in Rule
16(d) on him and "otherwise extending his suspension
beyond one (1) year." He also seeks legal fees and
costs.

B.   <u>Discussion</u>

Defendants move to dismiss all of McKenna's claims, arguing

that the court should abstain from hearing this case under the

<u>Younger</u> abstention doctrine. They also argue that the court

lacks jurisdiction based on the <u>Rooker-Feldman</u> doctrine.

Defendants further contend that the court cannot require them in

their individual capacities to reinstate McKenna; that they are

protected by judicial, prosecutorial, and qualified immunity;

that § 1983 bars prospective injunctive relief against judicial

---

[16] Count X is substantially the same as Count VI in the
proposed amended complaint.

officers; that no right to a jury trial exists in attorney disciplinary proceedings; and that claim and issue preclusion bar the claims.  McKenna objects to the motion to dismiss.

### 1.  Younger Abstention

Defendants note that McKenna petitioned for reinstatement to practice law in Rhode Island after he filed the complaint in this case.  When defendants moved to dismiss, McKenna's petition for reinstatement was pending.  Since that time, however, the Rhode Island Supreme Court denied the petition.  See In re McKenna, 140 A.3d at 159.  Therefore, it appears that the disciplinary proceeding that McKenna challenges in this case has concluded.  This fact obviates the need to consider Younger abstention, which applies only to state proceedings that are currently pending.  See McKenna, 2014 WL 3784872, at *1-2; McKenna, 2013 WL 3364368, at *1-2; McKenna, 2012 WL 448628, at *4-5.

### 2.  Rooker-Feldman Doctrine

Defendants move to dismiss all claims on the ground that the court lacks jurisdiction under the Rooker-Feldman doctrine. The Rooker-Feldman doctrine is derived from two Supreme Court cases, Rooker v. Fidelity Tr. Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462

(1983), which were "cases brought by state-court losers
complaining of injuries caused by state-court judgments rendered
before the federal district court proceedings commenced and
inviting district court review and rejection of those
judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544
U.S. 280, 284 (2005).  Because only the Supreme Court has
jurisdiction to review state court judgments, lower federal
courts lack jurisdiction to do so.  28 U.S.C. § 1257; Exxon, 544
U.S. at 291-92.

The Rooker-Feldman doctrine, however, occupies "narrow
ground" and "does not otherwise override or supplant preclusion
doctrine or augment the circumscribed doctrines that allow
federal courts to stay or dismiss proceedings in deference to
state-court actions." Exxon, 544 U.S. at 283.  Thus, the
Rooker-Feldman doctrine applies to divest a district court of
jurisdiction only (1) in cases brought by state-court losers,
(2) when the state-court losers are complaining of injuries
caused by state-court judgments, (3) which were rendered before
the complaint was filed in the district court, and (4) the claim
asks the district court to review and reject the state-court
judgment.  Silva v. Massachusetts, 351 F. App'x 450, 454 (1st
Cir. 2009).

McKenna's claims are directed to the decision of the Rhode Island Supreme Court issued on February 27, 2015, that suspended his license to practice law.  See In re McKenna, 110 A.3d at 1130-36.  Specifically, the claims are brought pursuant to § 1983 against defendants individually and seek declarative relief, injunctive relief, damages, and attorneys' fees aimed at the Rhode Island Supreme Court's decision to suspend his license.[17]  As such, McKenna is a state-court loser who is asking the federal court to review and reject the Rhode Island Supreme Court's judgment.  Therefore, this court lacks jurisdiction to consider McKenna's claims.  See Scheer, 817 F.3d at 1186; McKeown v. N.Y. State Comm'n on Judicial Conduct, 377 F. App'x 121, 123 (2d Cir. 2010).

3.  Claim Preclusion

Even if the Rooker-Feldman doctrine does not apply, McKenna's complaint would still be dismissed.  As discussed above, McKenna has not raised cognizable facial challenges to the Rhode Island Supreme Court rules or procedures, which would take his claims outside of the Rooker-Feldman landscape.  Even

---

[17] Although McKenna suggests in opposition to the motion to dismiss that he is suing defendants in their official capacities as well as individual capacities, McKenna did not allege official capacity claims in either the original complaint or the proposed amended complaint.  McKenna cannot amend his complaint through arguments made in opposition to a motion to dismiss.

if McKenna raised facial challenges, however, they would be precluded by the doctrine of res judicata or claim and issue preclusion, based on the Rhode Island Supreme Court's decision in In re McKenna, 110 A.3d at 130-36,

Under Rhode Island law, "[t]he doctrine of res judicata bars the relitigation of all issues that were tried or might have been tried in an earlier action."[18] IDC Props., Inc. v. Goat Island S. Condo. Ass'n, Inc., 128 A.3d 383, 389 (R.I. 2015) (internal quotation marks and citation omitted). "Res judicata applies in cases where there exists identity of parties, identity of issues, and finality of judgment in an earlier action." Dieffenbach v. Haworth, 140 A.3d 154, 156 (R.I. 2016) (internal quotation marks and citation omitted). The decision of a board or administrative tribunal is entitled to preclusive effect "when it affords the parties substantially the same rights as those available in a court of law, such as the opportunity to present evidence, to assert legal claims and defenses, and to appeal from an adverse decision." Town of Richmond v. Wawaloam Reservation, Inc., 850 A.2d 924, 933 (R.I. 2004).

---

[18] "[S]tate court decisions have the same preclusive effect in federal courts that they would have in the state where the judgment was issued." Miller v. Nichols, 586 F.3d 53, 60 (1st Cir. 2009).

Assistant Disciplinary Counsel, Marc DeSisto, was appointed to investigate complaints about McKenna, which arose out of McKenna's representations and disclosures during the workers' compensation proceeding and McKenna's subsequent bankruptcy proceedings.  Based on the investigation, Chief Disciplinary Counsel, David Curtin, brought disciplinary charges in four counts against McKenna.

In the course of the disciplinary proceeding, McKenna "alleged multiple constitutional violations and sought to 'temporarily, preliminarily, and permanently restrain' the board from enforcing the provisions of the Rules of Professional Conduct." McKenna, 110 A.3d at 1130-31.  McKenna "also filed numerous motions with the board, seeking to avoid the board's review of this matter by alleging multiple constitutional violations."  Id. at 1131.  "In addition to challenging the authority of the panel to hear the matter, as well as the authority of [the Rhode Island Supreme Court] to regulate attorneys, [McKenna] argued that there was no basis for sanctions."  Id. at 1135.

Despite McKenna's defenses and his theory that the disciplinary action was brought in retaliation for his "'controversial positions on constitutional issues,'" the panel found by clear and convincing evidence that McKenna had violated

24

the Rules of Professional Conduct, as alleged.  Id. at 1136.
The panel recommended a disciplinary sanction of a one-year
suspension from the practice of law.  Id.  The Board approved
and adopted the panel's recommendation.  Id.

During the Rhode Island Supreme Court's review of the
Board's decision, McKenna "raised numerous objections based on
constitutional arguments" that the Board and the court lacked
authority to regulate attorneys and lacked jurisdiction over
attorney disciplinary matters and that the disciplinary
proceedings violated his due process rights.  McKenna, 110 A.3d
at 1136-37.  The Rhode Island Supreme Court considered and
discussed McKenna's constitutional claims in detail, which
included the same issues of separation of powers and other
arguments that McKenna raises in this suit.  The court found
that it has the authority "to promulgate and enforce rules of
conduct and procedure for the regulation of attorneys as well as
to exercise necessary means to regulate and control the practice
of law."  Id. at 1139.  The court found "no legitimate basis"
for McKenna's challenge to the appointment of disciplinary
counsel and the use of subpoenas in the disciplinary proceeding.
Id. at 1139-40.  The court considered and rejected McKenna's
theory that the workers' compensation proceeding and the
bankruptcy proceeding were outside of the court's jurisdiction

and that his misbehavior in those proceedings could not be the basis for disciplinary sanctions.  Id. at 1140-41.  The court concluded that it "may exercise jurisdiction over attorney disciplinary matters generally, and over [McKenna] specifically."  Id. at 1142.

McKenna asserts that res judicata should not apply because he was not afforded due process throughout the disciplinary process.  As described by the Rhode Island Supreme Court, however, the disciplinary proceedings provided all of the due process protections that would be afforded in a legal action in court.  In re McKenna, 110 A.3d at 1130-31 & 1143-44.  The disciplinary proceedings included eight hearings before a three-member panel of the Disciplinary Board of the Rhode Island Supreme Court.  McKenna filed an answer to the charges, filed numerous motions with the Board, and called witnesses and testified at the hearings.

The Rhode Island Supreme Court concluded that contrary to McKenna's charge that he was not able to "'present evidence and argue law,'" the record demonstrated that during the eight hearings held on the charges the panel "heard testimony from respondent and other witnesses, admitted numerous exhibits from both Disciplinary Counsel and [McKenna], and gave [McKenna] the opportunity to present and argue numerous motions."  Id. at

1143.  The court also found that due process did not require a hearing before the full Board, as McKenna had asserted. Id.

As the Rhode Island Supreme Court's decision thoroughly explains, McKenna raised constitutional issues in that proceeding, which were decided against him.  In addition, he could have raised any other issues that he now raises in this case.  McKenna did not seek a writ of certiorari to the United States Supreme Court, making the Rhode Island Supreme Court's decision the final judgment on the issues raised and decided in the disciplinary proceeding.  As a result, to the extent McKenna brings any claim that presents a facial challenge to the Rhode Island Supreme Court Rules and disciplinary proceedings and process, those claims are precluded by the decision in McKenna, 110 A.3d 1126.[19]

### 4.  The Limits of § 1983

Even if Rooker-Feldman does not apply, and even if res judicata does not bar McKenna's claims, defendants would still

---

[19] McKenna raises certain other challenges to the proceedings below, such as an assertion that the disciplinary proceedings against him were criminal in nature.  He offers no support for that assertion, and it is without merit.  In addition, McKenna's objection in his filings to the role played by the Chief Disciplinary Counsel and Assistant Disciplinary Counsel does not undermine the validity of the proceedings, as discussed by the Rhode Island Supreme Court.  See In re McKenna, 110 A.3d at 1139-41.

be entitled to dismissal of McKenna's complaint.  McKenna brings

all of his claims under § 1983.  Section 1983, however, provides

a cause of action to address <u>federal</u> rights, not rights

conferred by state constitutions or statutes.  See, e.g., Murphy

v. Maine, No. CIVA 06-062 ML, 2007 WL 1846777, at *4 (D.R.I.

June 22, 2007).  Therefore, to the extent McKenna's claims are

based on rights or prohibitions he finds in the Rhode Island

Constitution, the Rhode Island Supreme Court Rules, or Rhode

Island laws, they are not actionable under § 1983.[20]

McKenna's complaint mentions federal rights to free speech,

due process, and a jury.  The complaint, however, includes no

factual allegations to support those claims.

The First Amendment prohibits governmental restrictions on

"expression because of its message, its ideas, its subject

matter, or its content."  Reed v. Town of Gilbert, 135 S. Ct.

2218, 2226 (2015) (internal quotation marks and citation

omitted).  McKenna provides no allegations to show that

defendants restricted his protected speech.

---

[20] McKenna does not allege that a private cause of action
exists under the cited provisions of the Rhode Island
Constitution or the cited Rhode Island statutes, and he has not
shown that any constitutional provisions or statutes are self-
executing.  See A.F. Lusi Constr., Inc. v. R.I. Convention Ctr.
Auth., 934 A.2d 791, 798 (R.I. 2007) (explaining test for a
claim based on an alleged violation of the Rhode Island
Constitution).

McKenna's due process allegations are equally obscure and appear to rest on McKenna's interpretation of the separation of powers provisions of the Rhode Island Constitution and the lack of police power vested in the judiciary by Rhode Island law. Nothing in the complaint suggests that the disciplinary proceeding failed to meet the requirements of Fourteenth Amendment due process.[21]   See Scheer, 817 F.3d at 1189.   With respect to a federal jury right, the Seventh Amendment applies to federal actions, and therefore, has no application to attorney disciplinary proceedings conducted by the state. Matter of Jacobs, 44 F.3d 84, 89 (2d Cir. 1994).

Further, as defendants assert, they are protected by judicial and prosecutorial immunity.  Defendants are five justices of the Rhode Island Supreme Court, twelve members of the Disciplinary Board, and the Chief and Assistant Disciplinary Counsel.  Absolute judicial immunity protects judges from suit, based on claims arising from actions taken within the scope of the judicial function.  Mireles v. Waco, 502 U.S. 9, 11 (1991). Adjudication of disciplinary complaints against lawyers are

---

[21] Procedural due process under the Fourteenth Amendment requires that a party be afforded notice and an opportunity to be heard "at a meaningful time and in a meaningful manner" before deprivation of life, liberty, or property.  Mathews v. Eldridge, 424 U.S. 319, 333 (1976) (internal quotation marks and citation omitted).

judicial functions and quasi-judicial functions that provide
immunity to the judges and prosecutors involved in the
proceedings.  See Hirsh v. Justices of Supreme Court of Cal., 67
F.3d 708, 715 (9th Cir. 1995); Johnson v. Board of Bar Overseers
of Mass., 324 F. Supp. 2d 276, 286-87 (D. Mass. 2004)
(discussing Bettencourt v. Bd. of Regis. in Med., 904 F.2d 772
(1st Cir. 1990)).  Claims brought against defendants in their
individual capacities do not overcome the protection of judicial
and quasi-judicial immunity.  See Kufner v. Suttell, No. 13-
12864-DJC, 2016 WL 3636977, at *4 (D. Mass. June 30, 2016).

    5.  Summary

This court lacks jurisdiction to consider McKenna's claims
that present as applied challenges to the Rhode Island Supreme
Court's decision to suspend his license to practice law.  To the
extent McKenna stated any facial challenges to the Rhode Island
Supreme Court rules or procedures, those claims are barred by
claim and issue preclusion and would otherwise fail on the
merits.  Therefore, defendants' motion to dismiss (doc. no. 22)
is granted.

IV.  Motions for Reinstatement

In light of the dismissal of all of McKenna's claims, his
motions for reinstatement (doc. nos. 16 & 40) are moot.

V.    Motion for a Permanent Injunction

Defendants move for a permanent injunction to prevent
McKenna from filing any new cause of action against them, the
State of Rhode Island, and any Rhode Island departments,
agencies, officers, or employees.  See doc. no. 30.  In support,
defendants contend that McKenna's history of vexatious and
frivolous law suits merits restrictions being imposed on his
ability to file new suits.  Defendants invoke the court's
inherent authority to supervise its docket and the
administration of the court to bar McKenna's filings in the
future.  McKenna did not file a response to defendants' motion
for a permanent injunction.[22]

As defendants have thoroughly documented, McKenna has a
history of unsuccessful litigiousness.  Before imposing the
injunction that defendants request, however, it is appropriate
to warn McKenna that abuse of the legal process, including
filing suit for improper purposes, is conduct that will subject
him to sanctions.  Fed. R. Civ. P. 11(b) & (c).

_____

[22] Although document no. 38 was docketed as a response to the
motion for a permanent injunction, it does not address that
motion.

The claims raised in this suit have been dismissed and cannot be raised against these defendants in this court in a subsequent action.  McKenna is put on notice that if he files another suit in this court that alleges the same or substantially similar claims against these defendants, he will likely be sanctioned under Rule 11.

For those reasons, defendants' motion for a permanent injunction is denied without prejudice.

## Conclusion

For the foregoing reasons, plaintiff's motion to amend (document no. 31) is denied.  Defendants' motion to dismiss (doc. no. 22) is granted, which disposes of all claims in this case.[23]

Plaintiff's motion to restore his license (document no. 16) and his motion for reinstatement (document no. 40) are denied as moot.  Defendants' motion for an injunction (document no. 30) is denied without prejudice to seeking appropriate relief in any subsequent cases filed by the plaintiff in this court or elsewhere.

---

[23] Counts I, II, III, IV, IX, and X are dismissed for the reasons stated in this order.  As discussed above, McKenna voluntarily dismissed Counts V, VI, VII, VIII, and XI.

As all claims in the case have now been dismissed, the clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Landya McCafferty
United States District Judge
(Sitting by designation.)

November 29, 2016

cc:  Melissa E. Darigan, Esq.
     Michael W. Field, Esq.
     Keven A. McKenna, Esq.
     Rebecca Tedford Partington, Esq.
     David J. Pellegrino, Esq.
     Santiago H. Posas, Esq.